Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SID NAIMAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**IntelliCall Corporation AKA Accurate Answering; Medfone24.com; CareLink Communications; Ring Medical Communications Services; Travis Vincent; Bobbi Kocher Spain;** DOES 1 – 10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SID NAIMAN ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**CLASS ACTION COMPLAINT**
-1-

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of INTELLICALL CORPORATION AKA ACCURATE ANSWERING; CARELINK COMMUNICATIONS; MEDFONE24.COM; RING MEDICAL COMMUNICATIONS SERVICES; TRAVIS VINCENT; BOBBI KOCHER SPAIN (collectively, "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff via "telephone facsimile machine" in violation of the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.* ("TCPA"), thereby causing Plaintiff and all others similarly situated to incur the costs of receiving unsolicited advertisement messages via "telephone facsimile machines" and invading their privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, which are entities formed and headquartered in other states and individuals residing in Pennsylvania and Indiana. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4. Plaintiff, SID NAIMAN ("Plaintiff"), is a natural person residing in Contra Costa County, California and is a "person" as defined by *47 U.S.C. § 153*

*(39).*

5. Defendants, INTELLICALL CORPORATION AKA ACCURATE ANSERING (hereinafter, "Defendant IC" or "IC"), MEDFONE24.COM (hereinafter, "Defendant MEDFONE" or "MEDFONE"), RING MEDICAL COMMUNICATIONS SERVICES (hereinafter, "Defendant RMCS" or "RMCS"), and CARELINK COMMUNICATIONS (hereinafter, "Defendant CC" or "CC") are a business entities that sell and market calling services for medical professionals and patients, and are each a "person" as defined by *47 U.S.C. § 153(39).*

6. Defendant, TRAVIS VINCENT (hereinafter, "Defendant VINCENT" or "VINCENT") is the president, Chief Executive Officer, or owner (i.e., "principle member") of Defendant IC, Defendant MEDFONE, Defendant RMCS, and Defendant CC. At all relevant times herein, VINCENT controlled, oversaw, managed, or played a significant, material role in the day-to-day operations of IC, MEDFONE, RMCS, and CC, including without limitation their telephone marketing practices and procedures. As IC's, MEDFONE's, RMCS', and CC's principle member, VINCENT was responsible for their overall success. VINCENT is a "person" as defined by *47 U.S.C. § 153(39).*

7. Defendant, BOBBI KOCHER SPAIN (hereinafter, SPAIN) is the president and a co-founder of Defendant CC. As CC's president and co-founder, Defendant SPAIN played a significant, material role in CC's overall success as well as its telephone marketing practices and procedures. SPAIN was responsible for CC's overall success. SPAIN is a "person" as defined by *47 U.S.C. § 153(39).*

8. Furthermore, Plaintiff alleges upon information and belief that Defendants IC, MEDFONE, RMCS, and CC were, at all times relevant herein, the alter-egos of Defendants VINCENT and SPAIN, without which, IC, RMCS, and CC had no independent existence.

9. Defendants IC, RMCS, CC, VINCENT, and SPAIN will be referred to collectively and hereinafter as "Defendants".

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12. Beginning in or around December of 2016, Defendants contacted Plaintiff on his telephone facsimile numbers ending in -6535 in an effort to sell or solicit their services.

13. Defendants contacted Plaintiff via facsimile from telephone numbers confirmed to belong to Defendants, including without limitation (571) 335-4248 and (910) 339-8252.

14. Defendants contacted Plaintiff between on or around December of 2016 and April of 2017 in an effort to solicit their business.

15. Defendants' messages constituted "telephone solicitation" as defined by the TCPA, *47 U.S.C. § 227(a)(4)* and "unsolicited advertisement" as defined by the TCPA, *47 U.S.C. § 227(a)(5)*.

16. Defendants used an "telephone facsimile machine" as defined by *47 U.S.C. § 227(a)(3)* to place its calls to Plaintiff seeking to sell or solicit their business services.

17. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18. Defendants' calls were placed to telephone facsimile numbers assigned to a telephone service for which Plaintiff incurs a charge for incoming messages.

19. Plaintiff is not a customer of Defendants' services and has never provided any personal information, including his telephone facsimile number, to Defendants for any purpose whatsoever. Accordingly, Defendants never received Plaintiff's "prior express consent" to receive calls using a telephone facsimile machine pursuant to *47 U.S.C. § 227(b)(1)C)*.

20. Furthermore, the messages that Defendants sent to Plaintiff lacked the "opt-out" notice pursuant to *47 U.S.C. § 227(b)(2)(D)*.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone facsimile messages from Defendants to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously consented to receiving such messages and such messages did not contain any opt-out notice within the four years prior to the filing of this Complaint

22. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone facsimile messages

from Defendants to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously not provided their telephone facsimile number to Defendants within the four years prior to the filing of this Complaint, nor did the telephone facsimile message contain an opt-out notice.

23. Defendants, their employees, and their agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

25. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their telephone facsimile numbers thereby causing Plaintiff and Class members to incur certain charges or reduced telephone facsimile time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

26. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint,

       Defendants sent telephone facsimile messages (other than for emergency purposes or made with the prior express consent of the called party and with an opt-out notice contained in the messages) to a Class member using any telephone facsimile machine to any telephone number assigned to a telephone facsimile service;

  b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  c.   Whether Defendants should be enjoined from engaging in such conduct in the future.

27. As a person who received numerous messages from Defendant using a telephone facsimile machine, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

28. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-

party Class members to protect their interests.

31. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

34. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

35. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

38. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of

**CLASS ACTION COMPLAINT**
**-8-**

$1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

///
///
///
///

## JURY DEMAND

40.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff reserves their right to a jury on all issues so triable.

Respectfully Submitted this 11th day of May, 2017.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
        By:   /s Todd M. Friedman
               Todd M. Friedman
               Law Offices of Todd M. Friedman
               Attorney for Plaintiff